IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DANIEL PERRY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>M. AGUIRRE, et al.,<br><br>　　　　Defendants. | 1:05-CV-01624-LJO-DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>Docs. 17, 21 and 22 |

　　　　Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 22, 2006, plaintiff filed three (3) separate motions seeking preliminary injunctive relief. In all three motions, plaintiff seeks an order prohibiting the defendants at Corcoran State Prison, where he was incarcerated at the time, from harassing and/or retaliating against him. He also seeks an order allowing him to have access to the facility Law Library.

　　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits,

1 or questions serious enough to require litigation." Id.

2  Plaintiff is no longer housed at California State Prison-Corcoran, where the claims in this action arose and where plaintiff was housed when he filed the motion. When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

 For the foregoing reasons, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, filed June 22, 2006, filed May 22, 2006, be DENIED.

 These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 IT IS SO ORDERED.

**Dated:   February 28, 2007**          **/s/ Dennis L. Beck**
3c0hj8                                   UNITED STATES MAGISTRATE JUDGE