# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DANIEL PERRY, | CASE NO. 1:05-CV-01624 LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| AGUIRRE, et al., | OBJECTIONS DUE IN THIRTY DAYS |
| Defendants. | (Doc. 33) |

I.  Findings and Recommendations Addressing Defendant's Motion to Dismiss

   A.   Procedural History

Plaintiff Robert Daniel Perry ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed January 17, 2006, against defendants Aguirre, Ruiz, Moore, Smith, Beer, Warren, Warner, German, and Hernandez, for use of excessive physical force in violation of the Eighth Amendment which allegedly occurred on June 28, and 29, 2005, and July 6, 9, and 13, 2005. On December 29, 2006, defendants filed a motion to dismiss for failure to exhaust administrative remedies. Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on January 18, 2007.[1] Defendants filed a reply on January 29, 2007.

   B.   Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available

---

[1] This opposition was also filed on February 1, 2007.  (Doc. # 57).

1

administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

  C. Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants argue that they are entitled to dismissal because plaintiff failed to exhaust the inmate appeals process. In support of their motion, defendants submit evidence that plaintiff had filed first level appeals for two cases: 1) Appeal Log. No. 053285, for alleged incidents that occurred

on June 28, and June 29, 2005, and 2) Appeal Log. No. 053275, for incidents that occurred on July 6, 9, and 13, 2005. (Doc. 33, Castillo Dec. ¶6, & 7; Grannis Dec. ¶5.) Defendants contend that the first appeal, Log # 053285 was cancelled on August 18, 2005, because the plaintiff refused an interview. Despite plaintiff's refusal for an interview, a fact-finding investigation was conducted which concluded that plaintiff's allegations were unfounded. Similarly, plaintiff's Appeal Log # 053275 was denied on October 19, 2005, and plaintiff did not file an appeal at the second level of review.

In his opposition, plaintiff contends that he observed the defendants throwing away his appeal forms in July, August, September, and October 2005.[2] (Doc. 53 pg. 1-2). Plaintiff claims that the defendants would not allow him to exhaust his administrative remedies because the defendants' careers would be ruined if the appeals were filed. Id. Similarly, in the amended complaint, plaintiff also asserts that he had sent out at least fifteen 602 Forms and made attempts to file an appeal at all three levels, but prison officials threw out his appeal forms.[3] (Doc. 10, pg. 2).

In response to Plaintiff's opposition, Defendants contend that plaintiff's appeal forms were not thrown away since all appeals are placed in a locked box and security and escort officers as well as building sergeants are the only individuals who have access to the container. (Doc. 54, Castillo Dec. ¶4, & 5). The building Sergeant collects the box and logs all of the appeals. Id. Defendants Warren, Moore, Beer, and Smith also filed declarations stating that they neither received nor destroyed appeals submitted by the plaintiff. (Doc. # 57, Ex. B ,C ,D, & E).

The court is mindful that "[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ," Id. at 2386. On the other hand, the court also acknowledges that the failure to respond to a properly filed grievance may

---

[2] Plaintiff's opposition was a declaration signed under penalty of perjury. (Docs. #53 & 57).

[3] ' Plaintiff's verified complaint constitutes an opposing affidavit. Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006); See also, Johnson v. Meltzer, 134 F. 3d 1393, 1399-1400 (9th Cir. 1998) (Plaintiff's verified complaint and verified opposition may be used as opposing affidavits to the extent they are based on facts within plaintiff's personal knowledge.

1  result in a finding that exhaustion occurred. Giano v. Goord, 380 F.3d 670, 673-74 (2d Cir.2004)
2  (holding that an inmate's reasonable interpretation of prison regulations justified his failure to
3  exhaust when he raised allegations of retaliatory staff misconduct as a defense in disciplinary
4  proceedings brought against him, rather than affirmatively pursuing the independent grievance
5  system); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to
6  respond, the remedy becomes unavailable, and exhaustion occurs); see also, Brown v. Valoff, 422
7  F.3d 926, 943 n.18 (9th Cir. 2005).

8        Similarly, the PLRA does not require exhaustion of all remedies, rather it requires
9  exhaustion of such administrative remedies "*as are available*." 42 U.S.C § 1997(e)(a). If
10 plaintiff's allegations that prison officials destroyed his appeal forms are true, then the prison did
11 not make the administrative appeal process "available to" the plaintiff. See, Brown v. Croak, 312
12 F. 3d 109, 111 (3d Cir. 2002) (formal grievance procedure not available where prison officials
13 told prisoner to wait for termination of investigation before filing formal grievance and then never
14 informed prisoner of termination of investigation) ; See also, Mitchell v. Horn, 318 F. 3d 523, 529
15 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not
16 an available remedy); Miller v. Norris, 247 F. 3d 736, 740 (8th Cir. 2001) (holding remedy is not
17 "available" were prison officials purportedly prevented prisoner from employing the prison's
18 grievance system).

19       Defendants have the burden of raising and proving the absence of exhaustion. Wyatt v.
20 Terhune, 315 F. 3d at 1119. Here, a factual dispute exists regarding whether the plaintiff
21 attempted to file the appeal forms and whether the forms were intercepted by prison officials.
22 Plaintiff asserts under penalty of perjury that he attempted to file the forms and they were
23 destroyed by defendants. Defendants contend that they did not interfere with plaintiff's attempts
24 to file any appeals. Because of this factual dispute, the defendants have not met their burden of
25 proof. Accordingly, the defendants' motion to dismiss is denied. The factual issue of whether the
26 appeal forms were in fact filed will need to be determined at a later date, if and when the case
27 proceeds to trial.
28

D.     Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendants' motion to dismiss for failure to exhaust, filed December 29, 2006, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **August 20, 2007**                    **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE