# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DANIEL PERRY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AGUIRRE, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:05-cv-01624-LJO-DLB-PC<br><br>**ORDER RE: FINDING AND RECOMMENDATIONS**<br><br>**ORDER SETTING <u>EVIDENTIARY HEARING</u>:**<br>**November 28, 2007 at 8:30 am in Courtroom 4**<br><br>**<u>TELEPHONIC HEARING CONFIRMATION:</u>**<br>**November 8, 2007 at 8:30 in Courtroom 4**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO SEND LOCAL RULE 16-281 TO PLAINTIFF**<br><br>**PLAINTIFF'S DEADLINE TO IDENTIFY UNINCARCERATED WITNESSES IS SEPTEMBER 21, 2007**<br><br>**OTHER PLAINTIFF WITNESS INFORMATION DUE BY OCTOBER 15, 2007**<br><br>**PLAINTIFF'S PREHEARING STATEMENT DUE BY OCTOBER 15, 2007**<br><br>**DEFENDANT'S PREHEARING STATEMENT DUE NOVEMBER 2, 2007**<br><br>[Docs. # 33, 83] |

　　Plaintiff Robert Daniel Perry ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 29, 2007, defendants filed a motion to dismiss based on plaintiff's failure to exhaust administrative remedies. On August

1

20, 2007, the magistrate judge issued Findings and Recommendations which recommended that the motion be denied because a factual dispute existed concerning whether plaintiff attempted to file appeal forms and whether the forms were intercepted by prison officials. On August 22, 2007, defendants filed objections requesting that the motion be granted, or in the alternative, that an evidentiary hearing be held to resolve the factual dispute. Upon review of defendants' objections, the court vacates the Findings and Recommendations and will hold an evidentiary hearing. The hearing will be held on November 28, 2007, at 8:30 am.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Although the evidentiary hearing is not a trial, the parties shall submit a prehearing statement pursuant to Local Rule 16-281 in accordance with the schedule set forth herein. The prehearing statement shall address the parties' positions regarding whether or not the plaintiff exhausted his administrative remedies including their positions regarding the standard of proof.

The court notes that section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). At the hearing, defendants must be prepared to introduce evidence to meet their burden of proof.

If plaintiff intends to present evidence to rebut the defendant's case, it is plaintiff's responsibility to produce that evidence. There are two kinds of evidence: (1) exhibits and (2) the testimony of witnesses. If plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify. In addition, if

plaintiff intends to call witnesses, he will be required to make a particularized showing in order to obtain the attendance of witnesses. The procedures and requirements for making such a showing are outlined in detail below. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named.

1. *Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily* - An incarcerated witness who agrees voluntarily to attend a hearing to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; <u>and</u> (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the hearing must serve and file <u>concurrent with the prehearing statement</u> a written motion for a court order requiring that such witnesses be brought to court at the time of hearing. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the

3

cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness's custodian to bring the witness to court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before October 15, 2007. Oppositions, if any, must be filed on or before November 2, 2007.**

2. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his prehearing statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u> - It is the responsibility of the party who has secured an unincarcerated witness's voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u> - If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. <u>Id</u>. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.

If plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who

4

refuse to testify voluntarily, plaintiff must first notify the court in writing of the name and location of each unincarcerated witness by **September 21, 2007.** The court will calculate the travel expense for each unincarcerated witness and notify plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the court</u>. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

**If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders to the court no later than October 15, 2007.** In order to ensure timely submission of the money orders, plaintiff should notify the court of the names and locations of his witnesses, in compliance with step one, as soon as possible.

Accordingly, the court HEREBY ORDERS as follows:

1. The magistrate judge's Findings and Recommendations issued on August 20, 2007 are vacated;
2. This matter is set for telephonic evidentiary confirmation hearing before the Honorable Lawrence J. O'Neill on **November 8, 2007, at 8:30 a.m.** in Courtroom 4;
3. This matter is set for an evidentiary hearing before the Honorable Lawrence J. O'Neill on **November 30, 2007, at 8:30 a.m.** in Courtroom 4;
4. Counsel for defendants are required to arrange for the participation of plaintiff in the telephonic confirmation hearing and to initiate the telephonic hearing at **(559) 499-5680**;
5. Plaintiff shall serve and file a prehearing statement and brief as described in this order on or before **October 15, 2007**;
6. Defendants shall serve and file a prehearing statement as described in this order on or before **November 2, 2007**;

7. In addition to electronically filing their pretrial statement, defendants shall e-mail the prehearing statement to: ljoorders@caed.uscourts.gov;

8. If plaintiff intends to call incarcerated witnesses at time of trial, plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **October 15, 2007**;

9. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **November 2, 2007**;

10. If plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, plaintiff must submit the money orders, as described in subsection 4 of this order, to the court on or before **September 21, 2007**;

11. The Clerk's Office shall send plaintiff a copy of Local Rule 16-281.

IT IS SO ORDERED.

**Dated:   August 29, 2007**              **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE

6