# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DANIEL PERRY, | CASE NO. 1:05-cv-01624-LJO-DLB-PC |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |
| v. | (Doc. 87) |
| AGUIRRE, et al., | DEFENDANTS' ANSWER TO COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

Plaintiff Robert Daniel Perry ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 30, 2007 the court issued an Order vacating the Findings and Recommendations wherein the undersigned recommended that defendants' motion to dismiss for non-exhaustion be denied because a factual dispute existed concerning whether plaintiff attempted to file appeal forms and whether the forms were intercepted by prison officials. (Doc. 84). The August 30, 2007 order set a telephonic Evidentiary Confirmation Hearing for November 8, 2007, and an Evidentiary Hearing for November 30, 2007.[1] (Doc. 84). Plaintiff was ordered to file a prehearing statement by October 15, 2007, and defendants were ordered to file their prehearing statement by November 2, 2007.

After both parties failed to follow the Court's Order regarding the Evidentiary Hearing, the court assumed that the parties were prepared to resolve the issue of plaintiff's exhaustion of administrative remedies on the prior pleadings. Both the evidentiary confirmation hearing and the

---

[1] The hearing date was later changed to November 28, 2007.

1

1  evidentiary hearing dates were vacated, and the court conducted a de novo review of the case. On
2  November 8, 2007 the court issued an order reinstating the magistrate judge's Findings and
3  Recommendations. (Doc. 86).

4        On November 16, 2007, defendants filed a motion for reconsideration of the court's
5  November 8, 2007 order, pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 87). Defendants
6  submit that their failure to file a prehearing statement was the result of defense counsel's mistaken
7  belief that they were excused from filing their prehearing statement after plaintiff failed to file his
8  own statement. Defendants state that they did not intend for the court to resolve the motion to
9  dismiss on the pleadings, and have filed their prehearing statement with the instant motion.
10 Defendants request that the court vacate its November 8, 2007 order and reschedule the evidentiary
11 hearing. Plaintiff has also since filed his own prehearing statement, on May 1and 20, 2008. (Docs.
12 96, 97).

13       Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms,
14 the court may relieve a party or its legal representative from a final judgment, order, or proceeding
15 for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;...or (6) any other
16 reason that justifies relief." The parties are informed that this court is overburdened with cases, all
17 of which are of equal importance. In this case, the parties' failure to comply with a court order
18 resulted in the cancellation of both the evidentiary confirmation hearing and the evidentiary hearing.
19 Granting defendants' motion to reschedule the hearing has the effect of slowing down the judicial
20 process for all parties litigating actions in this court, including this parties in this action. Having
21 reviewed defendants' motion and this file, the court does not find just cause to grant defendants'
22 motion.

23       Accordingly, defendants' motion for reconsideration, filed November 16, 2007, is HEREBY
24 DENIED. Defendants are to file an answer to plaintiff's complaint within thirty (30) days of this
25 order.

26       IT IS SO ORDERED.

27     Dated:   **May 22, 2008**                    **/s/ Dennis L. Beck**
28                                                                                   UNITED STATES MAGISTRATE JUDGE